JOHN K. FLOCK ESQ. (SBN 200183)
THARPE & HOWELL, LLP
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax
Email: jflock@tharpe-howell.com

Attorneys for Defendant,
COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO FLORES,<br><br>                    Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE<br>CORPORATION, and DOES 1 to 25,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

TO THE CLERK OF THE ABOVE-ENTILTED COURT:

PLEASE TAKE NOTICE THAT Defendant, Costco Wholesale Corporation ("Defendant") hereby removes this action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and sets forth in support of its Notice of Removal of Action the following:

**Complete Diversity Exists**

1.      This Notice of Removal is based in part, upon 28 U.S.C. § 1441(a) that states: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2.      District courts have original have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

3.      Plaintiff, Santiago Flores is a citizen of the state of California.

4.      Defendant, Costco Wholesale Corporation was, at the time of the filing of this action, and still is, a citizen of the state of Washington.  Defendant is a Washington corporation with its headquarters and principal place of business in Washington.

5.      Therefore, diversity of citizenship exists for purposes of removal of the state court action to this district court.

**Amount in Controversy Exceeds $75,000**

6.      Plaintiff's Complaint alleges two causes of action for premises liability and negligence against Defendant. (*See* Plaintiff's Complaint, Case No. 22STCV27817, Superior Court of California, County of Los Angeles, page 3, attached as Exhibit A.)

12.      On September 2, 2020, Plaintiff, Santiago Flores alleges he was shopping at defendant's Warehouse located at 2560 W. Century Boulevard, Inglewood, California.  He contends a Costco employee was stacking a rack with boxes that fell and struck plaintiff.  (See Plaintiff's Complaint, Case No. 22STCV27817, Superior Court of California, County of Los Angeles, page 2, attached as Exhibit A.)

13.      Plaintiff alleges that he sustained serious bodily injuries and physical pain and suffering.  He further alleges that he sustained general damages, special damages, wage loss, and loss of earning capacity.  (See Plaintiff's Complaint, Case No. 22STCV27817Superior Court of California, County of Los Angeles, page 5, attached as Exhibit A.)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

14.     On November 2, 2022, Defendant served a Request for Statement of Damages on plaintiff, Santiago Flores.  (See Demand for Statement of Damages, attached as Exhibit B.)

15.     On December 20, 2022, plaintiff, Santiago Flores served a Statement of Damages setting forth the following damages:

| | |
|---|---|
| Pain, suffering, inconvenience | $465,542.50 |
| Emotional distress | Undetermined |
| Medical expenses | $34,457.50 |
| Further medical expenses | Undetermined |
| Loss of future earning capacity | Undetermined |

(See Statement of Damages, attached as Exhibit C.)

16.     Plaintiff's Responses to written discovery put Defendant on notice that the amount in controversy exceeds $75,000.00.

17.     Therefore, Plaintiff alleges damages that exceed the minimum amount in controversy requirements for purposes of removal of the state court action to this district court.

**Notice of Removal Is Timely**

18.     On December 20, 2022, plaintiff, Santiago Flores served a Statement of Damages setting forth his alleged damages.  (Exhibit C.)

19.     The 30-day removal period starts to run only upon defendant's receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is … removable." 28 USC § 1446(b)(3). The removal period commences only when defendant is able "to intelligently ascertain" that plaintiff's claim exceeds $75,000 as the result of a voluntary act on plaintiff's part— e.g., sworn answers to interrogatories. Huffman v. Saul Holdings Ltd. Partnership (10th Cir. 1999) 194 F3d 1072, 1078.

20.     This Notice of Removal is being filed within thirty (30) days after Defendant received Plaintiff's Responses to Interrogatories from which it

may first be ascertained that the case is removable. 28 U.S.C. § 1446(b).

**Other Requirements for Removal Are Met**

21.     Removal of this lawsuit to the United States District Court for the Western District of California is proper as the Superior Court of the State of California, County of Los Angeles, where the action was originally filed, is located in this district.

22.     Defendant is simultaneously filing a Notice of Removal to Federal Court with the Superior Court of the State of California, County of Los Angeles, and it has given notice and served this pleading on Plaintiff. (A true and correct copy of the Notice to State Court of Removal to Federal Court filed with the Superior Court is attached hereto as Exhibit D.)

**Demand for Jury Trial**

23.     Separate and apart from removal requirements, counsel for Defendant demands a jury trial.

Dated:  December 30, 2022          THARPE & HOWELL, LLP

By: _____
     JOHN K. FLOCK
     Attorneys for Defendant,
     COSTCO WHOLESALE
     CORPORATION

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 08/23/2022 01:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by P. Anne, Deputy Clerk
22STCV27817

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: William Crowfoot

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Leon Kleyman, Esq., [SBN#255370]<br>Hinden & Bresalvsky<br>4661 W. Pico Blvd.<br>Los Angeles, CA 90019 | |

TELEPHONE NO: (323) 954-1800     FAX NO. *(Optional):* (323) 954-0341
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff, Santiago Flores

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Los Angele, CA 90012
BRANCH NAME: Central District-Stanley Mosk Courthouse

PLAINTIFF: Santiago Flores

DEFENDANT: Costco Wholesale Corporation and

[X] DOES 1 TO 25

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|
| [ ] AMENDED *(Number):* | 22STCV27817 |

Type *(check all that apply):*
[ ] MOTOR VEHICLE    [X] OTHER *(specify):* Premises Liability
    [ ] Property Damage    [ ] Wrongful Death
    [X] Personal Injury    [X] Other Damages *(specify):* General Negligence

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded [ ] does not exceed $10,000
                  [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

1. Plaintiff *(name or names):* Santiago Flores

   alleges causes of action against defendant *(name or names):*

   Costco Wholesale Corporation

2. This pleading, including attachments and exhibits, consists of the following number of pages: 05

3. Each plaintiff named above is a competent adult

   a. [ ] except plaintiff *(name):*

        (1) [ ] a corporation qualified to do business in California

        (2) [ ] an unincorporated entity *(describe):*

        (3) [ ] a public entity *(describe):*

        (4) [ ] a minor    [ ] an adult

            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

            (b) [ ] other *(specify):*

        (5) [ ] other *(specify):*

   b. [ ] except plaintiff *(name):*

        (1) [ ] a corporation qualified to do business in California

        (2) [ ] an unincorporated entity *(describe):*

        (3) [ ] a public entity *(describe):*

        (4) [ ] a minor    [ ] an adult

            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

            (b) [ ] other *(specify):*

        (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Code of Civil Procedure, § 425.12
www.courts.ca.gov

PLD-PI-001

| SHORT TITLE:<br>FLORES v. COSTCO WHOLESALE CORPORATION | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
　　is doing business under the fictitious name *(specify):*

　　and has complied with the fictitious business name laws.
5. Each defendant named above is a natural person
　a. ☒ **except** defendant *(name):* Costco Wholesale Corp.　　c. ☐ **except** defendant *(name):*
　　　(1) ☐ a business organization, form unknown　　　　(1) ☐ a business organization, form unknown
　　　(2) ☒ a corporation　　　　　　　　　　　　　(2) ☐ a corporation
　　　(3) ☐ an unincorporated entity *(describe):*　　　　(3) ☐ an unincorporated entity *(describe):*

　　　(4) ☐ a public entity *(describe):*　　　　　　　(4) ☐ a public entity *(describe):*

　　　(5) ☐ other *(specify):*　　　　　　　　　　　(5) ☐ other *(specify):*

　b. ☐ **except** defendant *(name):*　　　　　　　　d. ☐ **except** defendant *(name):*
　　　(1) ☐ a business organization, form unknown　　　　(1) ☐ a business organization, form unknown
　　　(2) ☐ a corporation　　　　　　　　　　　　　(2) ☐ a corporation
　　　(3) ☐ an unincorporated entity *(describe):*　　　　(3) ☐ an unincorporated entity *(describe):*

　　　(4) ☐ a public entity *(describe):*　　　　　　　(4) ☐ a public entity *(describe):*

　　　(5) ☐ other *(specify):*　　　　　　　　　　　(5) ☐ other *(specify):*

　　☐ Information about additional defendants who are not natural persons is contained in Attachment 5.
6. The true names of defendants sued as Does are unknown to plaintiff.
　a. ☒ Doe defendants *(specify Doe numbers):* 1-25　　　were the agents or employees of other
　　named defendants and acted within the scope of that agency or employment.
　b. ☒ Doe defendants *(specify Doe numbers):* 1-25　　　are persons whose capacities are unknown to
　　plaintiff.
7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
　a. ☐ at least one defendant now resides in its jurisdictional area.
　b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
　c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
　d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
　a. ☐ has complied with applicable claims statutes, **or**
　b. ☐ is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE:<br>FLORES v. COSTCO WHOLESALE CORPORATION | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

a. ☐ Motor Vehicle

b. ☒ General Negligence

c. ☐ Intentional Tort

d. ☐ Products Liability

e. ☒ Premises Liability

f. ☐ Other *(specify):*


11. Plaintiff has suffered

a. ☒ wage loss

b. ☐ loss of use of property

c. ☒ hospital and medical expenses

d. ☒ general damage

e. ☐ property damage

f. ☒ loss of earning capacity

g. ☒ other damage *(specify):*
  EMOTIONAL DISTRESS, PAIN AND SUFFERING, MENTAL ANGUISH, AND SUCH OTHER AND FURTHER RELIEF
  ESTABLISHED AT TIME OF TRIAL.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

  a. ☐ listed in Attachment 12.

  b. ☐ as follows:


13. The relief sought in this complaint is within the jurisdiction of this court.


14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

  a. (1) ☒ compensatory damages

  (2) ☐ punitive damages

  The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*

  (1) ☒ according to proof

  (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*


Date: 08/25/2022

LEON KLEYMAN, ESQ.

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

**For your protection and privacy, please press the Clear
This Form button after you have printed the form.**

 

PLD-PI-001(2)

| SHORT TITLE: FLORES v. COSTCO WHOLESALE CORPORATION | CASE NUMBER: |
|---|---|

FIRST _____     **CAUSE OF ACTION—General Negligence**     Page 4.____

(number)

ATTACHMENT TO [ x ] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: SANTIAGO FLORES

alleges that defendant *(name)*: Costco Wholesale Corporation

[ x ] Does   1_____   to 25_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: September 2, 2020

at *(place)*: Costco Wholesale Corporation, 3560 W. Century Blvd., Inglewood, CA 90303

*(description of reasons for liability)*:

Defendants negligently maintained and inspected the shelving and racks which contained boxes of what plaintiff belived to be dog food inside Costco Wholesale Corporation located at 3560 W. Century Blvd in the City of Inglewood, California. Plaintiff was a patron in Defendant's store when he was injured due to a dangerous condition existing at the premises.

Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the above described dangerous condition was or should have been known to Defendants, thereby giving said Defendants adequate time to correct and make safe the premises.

As a direct and proximate result of the above described carelessness and negligence of the Defendants in allowing the dangerous condition to exist, and improperly controlling, inspecting, and maintaining the above mentioned premises, Plaintiff sustained severe injuries.

The defendant employee violated the store's safety rules by stacking the shelves and racks with heavy boxes as Plaintiff and other patrons walked through the isle(s) of the store.

Furthermore, Plaintiff's harm ordinarily would have not happened unless someone was negligent and the harm was caused by something that only Defendants controlled, such as boxes stacked and stored onto the racks inside Defendant's store.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

  

PLD-PI-001(4)

| SHORT TITLE: FLORES v. COSTCO WHOLESALE CORPORATION | CASE NUMBER: |
|---|---|

SECOND _____     **CAUSE OF ACTION—Premises Liability**     Page \_\_\_\_5\_\_\_\_
　　　*(number)*

ATTACHMENT TO [x] Complaint     [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. *(name):* SANTIAGO FLORES

　　　alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

　　　On *(date):* September 2, 2020 at approx 4:30 p.m.    plaintiff was injured on the following premises in the following

　　　fashion *(description of premises and circumstances of injury):*

　　　At the aforementioned date and time, plaintiff was a patron in Defendant ' s store (Costco Wholesale Corp). As plaintiff was
　　　walking through one of isles of the store, a Costco employee was stacking the racks with boxes of what plaintiff believed to
　　　be dog food.  Plaintiff was struck by the boxes as they fell from the rack onto his back causing severe and permanent
　　　injuries.  Defendants failed to properly inspect, maintain, service and/or repair the premises prior to the incident, such that a
　　　dangerous condition existed for a sufficient time leaving the defendants with enough time to have corrected and/or warned
　　　plaintiff thereof, which defendants failed to do: causing plaintiff to suffer serious injuries.

Prem.L-2. [x] **Count One—Negligence** The defendants who negligently owned, maintained, managed and
　　　operated the described premises were *(names):*
　　　Costco Wholesale Corporation

　　　[x] Does 1_____ to 25_____

Prem.L-3. [x] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
　　　or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
　　　*(names):*
　　　Costco Wholesale Corporation

　　　[x] Does 1_____ to 25_____
　　　Plaintiff, a recreational user, was     [ ] an invited guest     [ ] a paying guest.

Prem.L-4. [ ]  *Count Three—Dangerous Condition of Public Property* The defendants who owned public property
　　　on which a dangerous condition existed were *(names):*

　　　[ ] Does _____ to _____
　　　a.  [ ]  The defendant public entity had     [ ] actual     [ ] constructive notice of the existence of the
　　　　　　dangerous condition in sufficient time prior to the injury to have corrected it.
　　　b.  [ ]  The condition was created by employees of the defendant public entity.

Prem.L-5.a. [x] **Allegations about Other Defendants** The defendants who were the agents and employees of the other
　　　defendants and acted within the scope of the agency were *(names):*

　　　[x] Does 1_____ to 25_____
　　　b.  [ ]  The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
　　　　　　[ ] described in attachment Prem.L-5.b [x] as follows *(names):*
　　　　　　Costco Wholesle Corporation is also responsible under the res ipsa loquitur doctrine for Plaintiff's injuries

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California  PLD-
PI-001(4) [Rev. January 1, 2007]
For your protection and privacy, please press the Clear
This Form button after you have printed the form.
　　　　　**CAUSE OF ACTION—Premises Liability**
Code of Civil Procedure, § 425.12
www.courts.ca.gov




EXHIBIT B

1

**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
2      **Sherman Oaks, California  91403**
**(818) 205-9955; (818) 205-9944 fax**
3

JOHN K. FLOCK ESQ.
4   STATE BAR NO.: 200183
Email: jflock@tharpe-howell.com
5
Attorneys for Defendant,
6   COSTCO WHOLESALE CORPORATION

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF LOS ANGELES, STANLEY MOSK COURTHOUSE

10

11   SANTIAGO FLORES,                         Case No. 22STCV27817

12                   Plaintiff,               **DEMAND FOR STATEMENT OF DAMAGES**

13   v.
Complaint Filed: August 25, 2022
14   COSTCO WHOLESALE CORPORATION,
and DOES 1 to 25,
15
Defendants.
16

17

18        TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:

19        Defendant, COSTCO WHOLESALE CORPORATION, pursuant to Code of Civil

20   Procedure § 425.11, hereby requests that Plaintiff set forth her Statement of Damages, item by

21   item, including but not limited to each of the following:

22        1.  Hospital expenses and bills, if any;

23        2.  Doctor, nurse, therapist or other medical practitioner expenses and bills, if any;

24        3.  Wage of income loss, if any;

25        4.  Diminution of earning capacity, if any;

26        5.  Real Property damage, if any;

27        6.  Personal property damage, if any;

28        7.  General damages, including but not limited to, pain and suffering, humiliation,

- 1 -
DEMAND FOR STATEMENT OF DAMAGES

embarrassment, loss of comfort, society, protection and support, disfigurement, etc.

Pursuant to Code of Civil Procedure § 425.11, it is request that a response be made to the undersigned within fifteen (15) days of service hereof.

Dated:  November 2, 2022

THARPE & HOWELL, LLP

By: _____
JOHN K. FLOCK
Attorneys for Defendant,
COSTCO WHOLESALE
CORPORATION

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 2 -
DEMAND FOR STATEMENT OF DAMAGES

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.    At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.    My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.    I served copies of the following documents (specify the exact title of each document served):

**DEMAND FOR STATEMENT OF DAMAGES**

4.    I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Leon Kleyman, Esq.<br>HINDEN & BRESLAVSKY<br>4661 W. Pico Blvd.<br>Los Angeles, CA 90019<br>Tel: (323) 954-1800<br>Fax: (323) 954-0341<br>leon@hinden.net | Attorneys for Plaintiff,<br>SANTIAGO FLORES |

5.    a ___ **By personal service**.  I personally delivered the documents on the date shown
        .      below to the persons at the addresses listed above in item 4.  (1) For a party
              represented by an attorney, delivery was made to the attorney or at the attorney's
              office by leaving the documents in an envelope or package clearly labeled to
              identify the attorney being served with a receptionist or an individual in charge of
              the office.  (2) For a party delivery was made to the party or by leaving the
              documents at the party's residence between the hours of eight in the morning and six
              in the evening with some person not less than 18 years of age.

      b ___ **By United States mail**.  I enclosed the documents in a sealed envelope or package
        .      addressed to the persons at the addresses in item 4 and *(specify one):*

              (1) ___ deposited the sealed envelope with the United States Postal Service, with
                      the postage fully prepaid on the date shown below, or

              (2) ___ placed the envelope for collection and mailing on the date shown below,
                      following our ordinary business practices.  I am readily familiar with this
                      business's practice for collecting and processing correspondence for
                      mailing.  On the same day that correspondence is placed for collection and
                      mailing, it is deposited in the ordinary course of business with the United
                      States Postal Service, in a sealed envelope with postage fully prepaid.

          I am a resident or employed in the county where the mailing occurred.  The envelope
          or package was placed in the mail at Sherman Oaks, California.

      c ___ **By overnight delivery.**  I enclosed the documents on the date shown below in an
        .      envelope or package provided by an overnight delivery carrier and addressed to the
              person at the addresses in item 4.  I placed the envelope or package for collection and
              overnight delivery at an office or a regularly utilized drop box of the overnight delivery
              carrier.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 3 -

d. **____  By fax transmission.**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4.  No error was reported by the fax machine that I used.  A copy of the fax transmission, which I printed out, is attached to my file copy.

e. **X  By e-mail or electronic transmission.**  By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to California Code of Civil Procedure Section 1010.6. I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4.   No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6.    I served the documents by the means described in item 5 on *(date):  See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 11/2/22 | Candice VanDeudekom | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## DECLARATION OF MESSENGER

**____  By personal service.**  I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4.  I delivered the documents on the date shown below to the persons at the addresses listed in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age.  I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):  See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\33000-000\33315\Discovery\to Plaintiff\Req for Statement of Damages.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

EXHIBIT C

*- DO NOT FILE WITH THE COURT-*

CIV-050

*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: Leon Kleyman (SBN: 255370) Hinden & Breslavsky, APC 4661 W. Pico Blvd. Los Angeles, CA 90019 | TELEPHONE NO.: (323) 954-1800 | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY FOR *(name)*:  Plaintiff, Santiago Flores

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF: Santiago Flores
DEFENDANT: Costco Wholesale Corporation and DOES 1-25

| STATEMENT OF DAMAGES (Personal Injury or Wrongful Death) | CASE NUMBER: 22STCV27817 |
|---|---|

To *(name of one defendant only)*: COSTCO WHOLESALE CORPORATION
Plaintiff *(name of one plaintiff only)*: SANTIAGO FLORES
seeks damages in the above-entitled action, as follows:

1. **General damages**                                          AMOUNT
   a. ☑ Pain, suffering, and inconvenience ............................................... $465,542.50
   b. ☑ Emotional distress. ..................................................................... $ Undetermined
   c. ☐ Loss of consortium ...................................................................... $ _____
   d. ☐ Loss of sociey and companionship *(wrongful death actions only)* ........... $ _____
   e. ☐ Other *(specify)* _____ $ _____
   f. ☐ Other *(specify)* _____ $ _____
   g. ☐ Continued on Attachment 1.g.

2. **Special damages**
   a. ☑ Medical expenses *(to date)* .......................................................... $34,457.50
   b. ☑ Future medical expenses *(present value)* ...................................... $ Undetermined
   c. ☐ Loss of earnings *(to date)* ........................................................... $ _____
   d. ☑ Loss of future earning capacity *(present value)* ............................ $ Undetermined
   e. ☐ Property damage ......................................................................... $ _____
   f. ☐ Funeral expenses *(wrongful death actions only)* .............................. $ _____
   g. ☐ Future contributions *(present value) (wrongful death actions only)* ...... $ _____
   h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* . $ _____
   i. ☐ Other *(specify)* _____ $ _____
   j. ☐ Other *(specify)* _____ $ _____
   k. ☐ Continued on Attachment 2.k.

3. ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
   when pursuing a judgment in the suit filed against you.

Date: 12/20/22

Leon Kleyman, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Page 1 of 2

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

**CIV-050**

| | |
|---|---|
| PLAINTIFF:  Santiago Flores | CASE NUMBER: |
| DEFENDANT:  Costco Wholesale Corporation and DOES 1-25 | 22STCV27817 |

### PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
    a. ☐ Statement of Damages ☐ Other *(specify):*

    b. on *(name):*
    c. by serving ☐ defendant    ☐ other *(name and title or relationship to person served):*

    d. ☐ by delivery    ☐ at home    ☐ at business
        (1) date:
        (2) time:
        (3) address:

    e. ☐ by mailing
        (1) date:
        (2) place:

2. Manner of service *(check proper box):*
    a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
    b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
    c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**

    d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**

    e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**

    f. ☐ Other *(specify code section):*
        ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
    a. ☐ California sheriff, marshal, or constable
    b. ☐ Registered California process server
    c. ☐ Employee or independent contractor of a registered California process server
    d. ☐ Not a registered California process server
    e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

    f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
          (SIGNATURE)

**(For California sheriff, marshal, or constable use only)**
I certify that the foregoing is true and correct.

Date:

▶ _____
          (SIGNATURE)

| | | |
|---|---|---|
| CIV-050 [Rev. January 1, 2007] | **PROOF OF SERVICE**<br>**(Statement of Damages)** | Page 2 of 2<br>Code of Civil Procedure §§ 425.11, 425.115 |

EXHIBIT D

**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California  91403**
**(818) 205-9955; (818) 205-9944 fax**

JOHN K. FLOCK ESQ.
STATE BAR NO.: 200183
Email: jflock@tharpe-howell.com

Attorneys for Defendant,
COSTCO WHOLESALE CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, STANLEY MOSK COURTHOUSE

| | |
|---|---|
| SANTIAGO FLORES, | Case No. 22STCV27817 |
| Plaintiff, | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| v. | |
| COSTCO WHOLESALE CORPORATION, and DOES 1 to 25, | Complaint Filed: August 25, 2022 |
| Defendants. | |

TO PLAINTIFF SANTIAGO FLORES AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant, Costco Wholesale Corporation

("Defendant") has filed a Notice of Removal of this action in the United States District Court for

the Central District of California, Western Division, pursuant to 28 U.S.C. § 1332, 1334, 1441,

1446, and 1452, and as otherwise provided by law.

A true and correct copy of said Notice of Removal is attached to this notice and

incorporated herein by this reference as Exhibit "A", and is served and filed herewith.

/ / /

/ / /

/ / /

/ / /

NOTICE OF REMOVAL TO FEDERAL COURT

1

2     Dated: December 30, 2022                           THARPE & HOWELL, LLP

3

4                                                  By: _____

5                                                      JOHN K. FLOCK
                                                       Attorneys for Defendant,
6                                                      COSTCO WHOLESALE
                                                       CORPORATION
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 2 -
NOTICE OF REMOVAL TO FEDERAL COURT

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3   1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

4   2.   My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

5   3.   I served copies of the following documents (specify the exact title of each document served):

6

**NOTICE OF REMOVAL TO FEDERAL COURT**

    4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

7

| | |
|---|---|
| Leon Kleyman, Esq.<br>HINDEN & BRESLAVSKY<br>4661 W. Pico Blvd.<br>Los Angeles, CA 90019<br>Tel: (323) 954-1800<br>Fax: (323) 954-0341<br>leon@hinden.net | Attorneys for Plaintiff,<br>SANTIAGO FLORES |

8

9

10

11

12

13   5.   a ___   **By personal service**.  I personally delivered the documents on the date shown
     .        below to the persons at the addresses listed above in item 4.  (1) For a party
14            represented by an attorney, delivery was made to the attorney or at the attorney's
              office by leaving the documents in an envelope or package clearly labeled to
15            identify the attorney being served with a receptionist or an individual in charge of
              the office.  (2) For a party delivery was made to the party or by leaving the
16            documents at the party's residence between the hours of eight in the morning and six
              in the evening with some person not less than 18 years of age.

17   b ___   **By United States mail**.  I enclosed the documents in a sealed envelope or package
     .        addressed to the persons at the addresses in item 4 and *(specify one)*:
18

19         (1) ___   deposited the sealed envelope with the United States Postal Service, with
                     the postage fully prepaid on the date shown below, or
20
           (2) ___   placed the envelope for collection and mailing on the date shown below,
21                   following our ordinary business practices.  I am readily familiar with this
                     business's practice for collecting and processing correspondence for
22                   mailing.  On the same day that correspondence is placed for collection and
                     mailing, it is deposited in the ordinary course of business with the United
23                   States Postal Service, in a sealed envelope with postage fully prepaid.

24         I am a resident or employed in the county where the mailing occurred.  The envelope
           or package was placed in the mail at Sherman Oaks, California.

25   c ___   **By overnight delivery.**  I enclosed the documents on the date shown below in an
     .        envelope or package provided by an overnight delivery carrier and addressed to the
26            person at the addresses in item 4.  I placed the envelope or package for collection and
              overnight delivery at an office or a regularly utilized drop box of the overnight delivery
27            carrier.

28

THARPE & HOWELL, LLP<br>15250 Ventura Boulevard, Ninth Floor<br>Sherman Oaks, California 91403-3221

d.     __ **By fax transmission.**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4.  No error was reported by the fax machine that I used.  A copy of the fax transmission, which I printed out, is attached to my file copy.

e.     **X** **By e-mail or electronic transmission.**  By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to California Code of Civil Procedure Section 1010.6. I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4.   No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6.     I served the documents by the means described in item 5 on *(date):  See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 12/30/22 | Candice VanDeudekom | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## DECLARATION OF MESSENGER

__     **By personal service.**  I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4.  I delivered the documents on the date shown below to the persons at the addresses listed in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age.  I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):  See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\33000-000\33315\Pleadings\Ntc of Removal to Federal Court.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

NOTICE OF REMOVAL TO FEDERAL COURT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.   At the time of service I was at least 18 years of age and **not a party to this legal action.**

2.   My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.   I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B))**

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Leon Kleyman, Esq.<br>HINDEN & BRESLAVSKY<br>4661 W. Pico Blvd.<br>Los Angeles, CA 90019<br>Tel: (323) 954-1800<br>Fax: (323) 954-0341<br>leon@hinden.net | Attorneys for Plaintiff,<br>SANTIAGO FLORES |

5.   a — **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b — **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

(1) — deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

(2) — placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

e. **X** **By e-mail or electronic transmission.** By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to California Code of Civil Procedure Section 1010.6. I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6.    I served the documents by the means described in item 5 on *(date):  See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 12/30/22 | Candice VanDeudekom | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\33000-000\33315\Pleadings\FEDERAL\Ntc of Removal - Diversity.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221